IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**September 4, 2024**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**D & D USED AUTOS,**
**Appellant Below, Petitioner**

**v.) No. 23-ICA-487**          (Case No. 23-008-CP)

**EVERETT FRAZIER, COMMISSIONER,**
**WEST VIRGINIA DIVISION OF MOTOR VEHICLES,**
**Respondent**

## MEMORANDUM DECISION

Petitioner D & D Used Autos ("D & D") appeals the October 2, 2023, Final Order of Respondent Everett Frazier, Commissioner of the West Virginia Division of Motor Vehicles ("DMV"), which fined D & D $3,000.00 for violating applicable provisions of the West Virginia Code of State Rules.[1] The DMV filed a response in support of the Final Order. D & D did not file a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the DMV's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

D & D is owned and operated by David Pennington and located in Grant County, West Virginia. It is licensed by the DMV to engage in the business of selling used motor vehicles. On July 28, 2022, the DMV issued a Notice of Violation to D & D alleging two violations. The first violation alleged a first offense violation of West Virginia Code of State Rules § 91-6-5.2.1 (2022), which prohibits "junk, junk vehicles, scrap iron and trash of all types" from being present in the display area of the dealership. This violation was based upon the DMV's inspector finding that D & D's display lot contained "old tires in the bed of a blue pickup truck, a damaged SUV sitting on a flatbed truck, and a hubcap laying on the ground." The second violation alleged a first offense violation of West Virginia Code of State Rules § 91-6-5.3.k (2022), which requires a "covering of concrete, blacktop, gravel, or other type material making it suitable for vehicle display under all

---

[1] D & D is represented by Eric S. Black, Esq. The DMV is represented by Patrick Morrisey, Esq., and Assistant Attorney General Elaine L. Skorich, Esq.

weather conditions." This violation was issued based upon the DMV's inspector observing that there were "weeds and grass growing throughout the display lot area."

The DMV asserts that its inspector included a copy of the Dealer Inspection Report and copies of the photographs that substantiated the violations. The inspector also informed D & D that the deficiencies were required to be corrected within ten (10) business days and it must cease and desist from further violations. The DMV sent the Notice of Violation, Dealer Inspection Report, and copies of photographs to D & D at its business address via certified mail, but on November 18, 2022, the United States Postal Service ("USPS") returned the same as unclaimed to the DMV.

On October 7, 2022, the DMV issued another Notice of Violation to D & D. The first violation alleged a first offense violation of West Virginia Code of State Rules § 91-6-5.2.f (2022), which requires the dealership to be open "to the public at least twenty (20) hours per week" and to "notify dealer services" if the dealership needs to "alter its hours either temporarily or permanently[.]" This violation was issued based upon the DMV's inspector observing that,

> [D & D] was closed during posted open business hours on Friday, September 9, 2022, preventing the completion of an attempted dealer inspection. Posted open business hours for Friday are 8AM to 6PM. It is the responsibility of the dealership to notify the Dealer Services Section of all closures, and any changes in posted open business hours.

The second violation alleged a second offense violation of West Virginia Code of State Rules § 91-6-5.2.1 based upon the inspector observing old rims, a blue gas can, an old tire, and a metal barrel on D & D's display lot. The third violation alleged a second offense violation of West Virginia Code of State Rules § 91-6-5.3.k due to grass and weeds still growing throughout the display lot. The DMV asserts that the inspector included a copy of the Dealer Inspection Report and copies of the photographs that substantiated the violations in the Notice of Violation, which was sent to D & D at the business address through certified mail, and on October 17, 2022, the USPS allegedly delivered the same.

The DMV then sent out a Notice of Civil Penalty to D & D alleging that it failed to bring its violations into compliance as directed and required by Rule. For the five offenses listed in the two Notices of Violation, the DMV levied a civil penalty in the amount of $18,500.00. On April 13, 2023, D & D appealed the Notice of Civil Penalty and requested an administrative hearing.

On May 5, 2023, the hearing examiner sent D & D a Notice of Hearing via certified mail, setting the hearing for May 24, 2023. In an effort to obtain all documentary evidence prior to the hearing, D & D filed a subpoena duces tecum on May 23, 2023, in the Circuit

Court of Grant County, West Virginia. The subpoena commanded the production of the following:

> I am requesting a subpoena duces tecum for my DMV case 23-008-CP. I have already sent a written request to the DMV for a[n] explanation of charges, and for the evidence against me. I have gotten no response. I am requesting this subpoena duces tecum to include: A[n] explanation of charges; the evidence submitted against me; my entire business records from DMV John Springer and all records from DMV inspector Roxanna Mongold, photos, text, emails, and any other correspondence/statements pertaining to this matter. I need all the above requested information to properly defend myself in this case 23-008-CP.

On May 24, 2023, Mr. Pennington and the DMV's attorney appeared for the administrative hearing. Mr. Pennington requested a continuance because he had not received the DMV's evidence that it intended to introduce against his business. The DMV's attorney explained that she had emailed Mr. Pennington copies of the documents which he had requested in a subpoena issued by the Circuit Court of Grant County and informed Mr. Pennington that she would mail him physical copies of the documents that day. Mr. Pennington informed the hearing examiner that he was computer illiterate and did not have internet at his home. The hearing examiner rescheduled the hearing for June 21, 2023, to give D & D time to request a subpoena pursuant to West Virginia Code § 29A-5-1(b) (1964) and West Virginia Code of State Rule § 91-1-3.2 (2023). This was also to allow time for service of process and, if necessary, to give D & D time to request another continuance at least five days prior to the next hearing pursuant to West Virginia Code of State Rules § 91-1-3.8.1 (2023).

On May 24, 2023, the DMV sent a second Notice of Hearing for June 21, 2023, to D & D via certified mail. At the final administrative hearing on June 21, 2023, the DMV introduced documents which were admitted into evidence. The record from the hearing does not indicate that D & D was provided with or shown any of the admitted documents. When asked if he was ready to present his case, Mr. Pennington stated, "if I had the evidence presented against me in my hand[,] I might be able to do something but since, uh, my motion of discovery was never sent to me, um, I put forth the motion to immediately dismiss all charges, once and for all." He additionally alleged that "you violated my due process rights, ma'am. I got, I, I asked for motion for discovery twice and I've received nothing[,] and you are preceding without giving me my due process." The DMV's attorney stated that the day after the previous hearing on May 24, 2023, she placed copies of the DMV's evidence in the mail to Mr. Pennington and informed him that he should already have the DMV's evidence because they were previously sent to him at the time that the violations were issued. In response, Mr. Pennington requested the DMV to produce the certified mail receipt so he could "verify that [he] signed for the information posted in the

mail[.]" The DMV additionally alleged that its inspectors taped the two handwritten inspection reports to the door of the dealership.

After being sworn in and asked if he had any rebuttal, Mr. Pennington stated, "[w]ell, being as I don't have any of the information in front of me here, any of the photos attached or nothing[,] I cannot legally defend myself in this case. I, I cannot present anything because I don't know what's being used against me." The DMV's attorney cross-examined Mr. Pennington, and the hearing examiner asked some clarifying questions as well. In particular, the hearing examiner questioned Mr. Pennington regarding being closed during business hours. Mr. Pennington testified that he received the October 7th Notice of Violation that instructed him to call Roderick Bradford,[2] who informed him that he did not need to notify the DMV unless the business was closed for twenty-four hours or more. Mr. Pennington testified that he is scheduled to be open on Mondays and Fridays, but he posts a sign in the window containing the reasoning for why he is not there when he is absent for any reason. He additionally requested to see any photograph of the sign that was posted on the day he was allegedly absent, but the record does not indicate it was provided to him.

On June 27, 2023, the hearing examiner entered an Order Limiting Time to Respond in which she summarized D & D's objections, included copies of the DMV's evidence, and gave it ten days to file proposed findings of fact and conclusions of law. The Order Limiting Time to Respond with the DMV's evidence attached was sent to D & D via USPS regular mail, via USPS certified mail, and via email.

On July 31, 2023, D & D's newly retained counsel noted his appearance to the hearing examiner and requested a copy of the DMV's file. On August 11, 2023, the hearing examiner emailed D & D's attorney a copy of the hearing file and placed a copy of the audio recording from the June 21, 2023, hearing in the U.S. Mail. The hearing examiner also extended the filing date for proposed findings of fact and conclusions of law to August 18, 2023.

On October 2, 2023, the DMV issued its Final Order. The hearing examiner noted that as of the date of issuance of the final order, D & D had not filed proposed findings of fact and conclusions of law, and the decision was based solely on the evidence presented at the June 21, 2023, hearing. The hearing examiner upheld the violations for not being open during posted business hours and for having junk or junk vehicles on the premises. However, the hearing examiner dismissed the violations for not having all weather material on the display lot. As a result, the civil penalty was modified from $18,500 to $3,000, which was due and payable within thirty days of the date of the order. It is from that order that D & D now appeals.

---

[2] Mr. Pennington testified that Mr. Bradford was a DMV employee.

Our review of this matter is governed by the State Administrative Procedures Act, and it provides:

> The court may affirm the order or decision of the agency or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the agency if the substantial rights of the petitioner or petitioners have been prejudiced because the administrative findings, inferences, conclusions, decision, or order are:
>
> (1) In violation of constitutional or statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the agency;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

W. Va. Code § 29A-5-4(g) (2021).

On appeal, D & D asserts two assignments of error. First, it argues that its due process rights were violated by disallowing it the right to confront evidence against it prior to the administrative hearing. In support of its position, D & D asserts that the DMV's order acknowledges that Mr. Pennington did not receive evidence prior to the evidentiary hearing and to mitigate any procedural deficiencies, the hearing examiner submitted a copy of the DMV's evidence with its order and also allowed D & D ten days to file its own proposed findings of fact and conclusions of law. We disagree.

While the Supreme Court of Appeals has determined that "there is no constitutional right to discovery in administrative proceedings[,]" *State ex rel. Hoover v. Smith*, 198 W. Va. 507, 517, 482 S.E.2d 124, 134 (1997), it has also concluded that "due process may require the issuance of subpoenas for pre-hearing discovery purposes." *Id*. at 516, 482 S.E.2d at 133. The Administrative Procedures Act ("APA") and the DMV's Legislative Rules outline the process for the issuance and service of subpoenas by the administrative agency,[3] yet D & D failed to follow the statutory procedures.

Additionally, West Virginia Code § 29A-5-1(a) (1964) states, in relevant part, that:

---

[3] The process for the issuance and service of subpoenas by the DMV is set forth in West Virginia Code § 29A-5-1(b) (1964) and West Virginia Code of State Rules § 91-1-3.2 (2023).

In any contested case all parties shall be afforded an opportunity for hearing after at least ten days' written notice. The notice shall contain the date, time and place of the hearing and a short and plain statement of the matters asserted. If the agency is unable to state the matters in detail at the time the notice is served, the initial notice may be limited to a statement of the issues involved. Thereafter, upon application a more definite and detailed statement shall be furnished. An opportunity shall be afforded all parties to present evidence and argument with respect to the matters and issues involved.

Similarly, the DMV's Legislative Rules state that the DMV must provide a notice of hearing which contains the date, time, and location of the hearing; a statement of the issues involved; and a statement as to the consequences of failing to appear at the hearing. *See* W. Va. Code R. § 91-1-3.6 (2023).

Upon review, D & D received adequate notice of the hearing, the issues involved, and the consequences for failing to appear at the hearing. During the initial May 23, 2023, hearing, the hearing examiner explained to D & D the process of properly obtaining discovery and how to file a continuance after it objected to the hearing. Although D & D failed to request a continuance five days prior to the initial hearing as required pursuant to West Virginia Code of State Rules § 91-1-3.8.1 (2023),[4] the hearing examiner granted it a continuance to allow it time to request a subpoena and to have the same served, and if necessary, to request another continuance five days prior to the final hearing scheduled for June 21, 2023. However, on June 21, D & D objected to proceeding with the final hearing by alleging that it had still not received any of the DMV's discovery.

On June 27, 2023, six days after the hearing, an Order Limiting Time to Respond was filed by the hearing examiner, which summarized D & D's objections, included copies of the DMV's evidence, and gave D & D ten days to file proposed findings of fact and conclusions of law. The hearing examiner sent the order with the DMV's evidence attached, to D & D via USPS regular mail, via USPS certified mail, and via email.

Based on the record, D & D did not file any request for subpoena, did not file any motion for discovery, and did not file a request for continuance. The DMV complied with

---

[4] West Virginia Code of State Rules § 91-1-3.8.1 states, in pertinent part,

The Commissioner may grant the person requesting a hearing a continuance of the scheduled hearing. The person shall make the request for continuance in writing, and it must be received by the Commissioner at least five (5) days prior to the scheduled hearing date. The Commissioner shall grant the request if good cause is shown. Good cause shall include such reasons as serious illness, medical appointments, court appearances, or religious holidays.

the due process provisions of the APA and the Legislative Rules. D & D was notified of the issues involved, the hearing examiner granted a continuance although D & D did not request it at least five days prior to the hearing, forwarded the DMV's evidence with the Order Limiting Time to Respond, and extended the filing date for proposed findings of facts and conclusions of law once counsel for D & D made an appearance. D & D chose not to timely file proposed findings of fact and conclusions of law. Thus, we find no error and conclude that the DMV did not violate D & D's due process rights.

Next, D & D argues that the DMV erroneously found a violation of West Virginia Code of State Rules § 91-6-5.2.f (2022) occurred for being closed during business hours. It asserts that the business was not closed during posted business hours, but that Mr. Pennington may have been temporarily absent and would have posted a sign explaining the reason thereof. It contends there was no obligation to notify dealer services because it was not closed for a twenty-four-hour period.[5] We are unpersuaded by this argument.

West Virginia Code of State Rules § 91-6-5.2.f states that a dealership:

> Must be open to the public at least twenty (20) hours per week, with least ten (10) of those hours between 9:30 a.m. and 8:30 p.m., Monday through Saturday, and five (5) of those hours must be between 9:30 a.m. and 5:00 p.m. Monday through Friday. If a dealership needs to alter its hours either temporarily or permanently, the licensee must notify dealer services.

D & D admitted that it did not contact the DMV on the day Mr. Pennington left the dealership temporarily and attempted to mitigate the violation by alleging that it was not required to do so because the absence was for less than twenty-four hours. However, D & D cites to no statute, rule, or legal authority that provides for such an exception to the rule. Instead, West Virginia Code of State Rules § 91-6-5.2.f plainly states that even for temporary changes in a dealership's hours, the dealership must notify dealer services.[6] Thus, based on the record before us, we conclude that the DMV did not err.

Accordingly, we affirm.

---

[5] D & D also relies on a prior order of the DMV after a hearing for a similar violation. Because the previous order was not part of the record below and not considered by the hearing examiner, we decline to consider the same.

[6] We note the ambiguity of the rule as it relates to whether a used car dealership is required to notify dealer services in the event it alters its total *amount* of weekly hours versus its *posted* business hours. We do not consider this an issue as it was not raised below or on appeal.

Affirmed.

**ISSUED:**  September 4, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear